LOTTINGER, Judge.
This suit springs from the same accident involved in the case of Sedotal v. Fidelity & Casualty Co. of New York, La.App., 77 So.2d 153. The plaintiff herein, The Fidelity and Casualty Company of New York, collision insurer of A. R. Blossman, Inc. brings this suit on subrogation against Leodas J. Freyou and Southern Farm Bureau Casualty Company, the property damage insurer of the said Freyou for damages done to the said Blossman truck in the accident above referred to. This case and the Sedotal v. Fidelity & Casualty Co. of New York, case were consolidated for the purpose of trial and all of the evidence in said Sedotal case was offered and submitted as evidence in this case. The plaintiff sued for and obtained a judgment against the defendants herein in the amount of $2,009.32 together with legal interest from date of judicial demand and all cost. The defendants herein appealed to this court and when this case came up for argument counsel for both sides suggested lack of jurisdiction on our part and asked that the matter be transferred to the Supreme Court of the State of Louisiana.
According to Art. 7, Section 10 of the Constitution of Louisiana of 1921 the jurisdiction of the Supreme Court is provided for as follows:
“It [Supreme Court] shall have appellate jurisdiction in civil suits'where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed Two Thousand Dollars exclusive of interest, except in suits for damages for physical injuries to,- or for the death of a 'person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances
Tt appears from the above quoted excerpt that we do not have jurisdiction in this matter. The .basis of plaintiff’s claim is for , property damage done to insured’s truck. The insured, A. R. Blossman, Inc. nor the plaintiff herein sustained any 'physical injuries and it is our appreciation of the above except that only “such person or his heirs or legal representatives” who sustained physical injuries or death would be entitled to have their case appealed to this court for other -damages sustained in the same accident, or arising out of the same circumstances, if it exceeded $2,000. It is evident therefore that we are without jurisdiction to entertain this appeal.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days from the finality of the judgment in the case of Sedotal v. Fidelity & Casualty Co. of New York, which has this day been handed down by us, if not so made then the appeal is to be deemed dismissed. Appellants are to pay the cost of appeal in this court and the remaining cost to await the final determination of the matter.
Transferred to Supreme Court.